IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE CONTRERAZ, JR.,<br><br>Defendant. | CR 20-89-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 79.)

On April 4, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to time served, followed by 24 months of supervised release.

## I. **Background**

In April 2021, Defendant pled guilty to the offense of prohibited person in possession of a firearm. (Doc. 40.) On September 21, 2021, the Court sentenced him to 4 years probation. (Doc. 52.)

On June 8, 2022, Defendant's probation was revoked due to use of methamphetamine and alcohol, failure to participate in substance abuse testing,

1

failure to report changes in residence and employment, failure to report as instructed and obtaining two new traffic offenses. (Doc. 72.) He was sentenced to 11 months imprisonment, followed by 25 months supervised release.

Defendant began his current term of supervised release on March 17, 2023. (Doc. 77 at 2.)

On March 13, 2024, the United States Probation Office filed the petition now at issue. (Doc. 77.) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 78.) Defendant was arrested on March 18, 2024 (Doc. 86), and made an initial appearance on March 19, 2024. (Doc. 80.) Defendant was released pending his revocation hearing. (*Id*)

## II.     Final Revocation Hearing

Defendant appeared at the revocation hearing on April 4, 2024. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class C felony. Under those

circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5-11 months incarceration. Defendant could also be sentenced to as much as 25 months supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

The United States requested a sentence of time served and a continued term of supervised release. Defendant's counsel also requested a sentence of time served and a continued term of supervised release.

### III.  Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to time served, followed by 24 months supervised release. No circumstances warrant a departure from the guideline range.

In determining the sentence to be imposed, the Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a), and makes the following findings.

Defendant's violations are significant. Defendant has been on supervised release for approximately one year, and during that time he failed to participate in his outpatient treatment group on two occasions, did not submit to testing on five occasions, and tested positive for controlled substances on four occasions, which lead to a mandatory revocation of his supervised release.

It is evident, however, that all of Defendant's violations directly relate to his addiction to controlled substances. Otherwise, Defendant has not demonstrated that he is a danger to the public while on supervision.

Additionally, Defendant has made significant progress in addressing his substance abuse issues. He was accepted into state District Judge Donald Harris's STAR Court, and has completed four of the five phases of the program. He has also engaged in, and completed, extensive treatment for his addiction. He currently attends counseling every week, as well as weekly peer support meetings. Further, he is taking parenting classes and is reported to be a dedicated parent. Defendant has also secured stable housing, is employed, and his employer is very supportive of his continued employment, and very supportive of the Defendant in general.

At this point, given Defendant's positive trajectory and his need to complete necessary educational training, substance abuse treatment and counseling, and Judge Harris's STAR court, the Court finds nothing would be served by sentencing Defendant to additional time in custody.

Accordingly, the Court concludes a sentence of time served, followed by 24 months supervised release is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

/ / /

**IV.** **Conclusion**

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he must participate in an outpatient program of substance abuse treatment, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he participate in substance abuse treatment, as alleged in Violation No. 2.

3. Defendant violated the condition of supervised release that he must refrain from any unlawful use of a controlled substance, as alleged in Violation No. 3.

4. Defendant violated the condition of supervised release that he must abstain from the consumption of alcohol, as alleged in Violation No. 4.

/ / /

/ / /

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to time served, followed by a 24-month term of supervised release.

2. The Defendant be ordered to comply with the mandatory and standard conditions of supervision, which were previously imposed by the Court, as well as the following special conditions:

   1. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

   2. You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

   3. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

   4. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

5.  You must participate in and successfully complete an outpatient program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

6.  You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

7.  You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action

on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 4th day of April, 2024.

                                            _____
                                            TIMOTHY J. CAVAN
                                            United States Magistrate Judge