IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  20–89–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TIMOTHY WAYNE CONTRERAZ, JR., | |
| Defendant. | |

Before the Court is United States Magistrate Judge Timothy J. Cavan's Findings & Recommendations Regarding Revocation of Supervised Release. (Doc. 91.)  Because neither party objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Therefore, the Court reviews the Findings and Recommendation for clear error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Cavan found, based on Defendant's admissions at the hearing, that Defendant violated four conditions of supervised release: the special condition that

he participate in and successfully complete an outpatient program of substance abuse treatment (Spec. Cond. 2); the special condition that he participate in substance abuse testing (Spec. Cond. 6); the mandatory condition that he refrain from unlawful use of a controlled substance (Mand. Cond. 3); and the special condition that he abstain from the consumption of alcohol (Spec. Cond. 3). (Doc. 91 at 5.)

Judge Cavan recommends that this Court revoke Defendant's supervised release and sentence him to time served, followed by a 24-month term of supervised release. (*Id.* at 6.) Judge Cavan also recommends that this Court impose the mandatory and standard conditions previously imposed by the Court, as well as the following special conditions:

1. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

2. You must participate in and successfully complete an outpatient program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

3. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

4. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

5. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

6. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

7. You must submit your person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

(*Id.* at 6–7.)

The Court finds no clear error in Judge Cavan's Findings and Recommendations and adopts them in full.

Accordingly, IT IS ORDERED that Judge Cavan's Findings and Recommendations (Doc. 91) is ADOPTED in full.

Defendant shall be sentenced in conformity with Judge Cavan's recommendation in the judgment filed concurrently with this Order.

3

DATED this 19th day of April, 2024.

Dana L. Christensen, District Judge
United States District Court